UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Jason Patterson, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 17 CV 50202 |
|  | ) | Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM OPINION AND ORDER**

This appeal and the resulting remand would have been unnecessary if the administrative law judge would have simply marshalled the evidence from the medical record and testimony at the hearing and applied those facts to the regulatory requirements in making the determination that claimant failed to meet a listing. Instead, the administrative law judge made the critical determination in this case with a single, cursory, one-sentence conclusion. The Seventh Circuit has repeatedly held that this type of "analysis" requires remand, absent harmless error.

In November 2012, Jason Patterson was struck in the face while using a jack hammer at his job at Chrysler. This led to left arm and neck pain. In September 2013, he filed his present disability applications. In March 2014, he underwent fusion surgery. (He states that insurance issues caused the delay in getting the surgery.) After the surgery, by plaintiff's own admission, his headaches and neck pain "drastically improved," although he claims now to still have ongoing left arm pain and numbness requiring additional treatment. Dkt. #11 at 1. In August 2015, for example, an EMG showed that he had nerve palsy at the elbow, and he had injections in his shoulder and was referred to a pain clinic. *Id.* at 2.

1

The administrative law judge ("ALJ") ruled that plaintiff did not qualify as disabled because he had the residual functional capacity ("RFC") to do light work subject to certain restrictions to account for his left arm limitations. In reaching this decision, the ALJ concluded (among other things) that plaintiff's symptoms were "largely controlled," as evidenced by the disappearance of his headaches and the substantial diminishment in neck pain after the surgery; that plaintiff's ability to "walk about a mile generally reinforces the conclusion that there is no major impediment to his ability to stand and walk"; that plaintiff had a poor work record before his medical problems arose (he did not earn more than the SGA threshold from 2005 to 2011); that "upon resuming work in August 2012, within a very short period of time had filed a workers compensation claim for an injury that he apparently did not even seek medical treatment for at the time." R. 18-19. The ALJ found it significant that his treating physicians did not submit an opinion. R. 19 ("none of his health care providers apparently felt that the claimant was completely disabled, at least not to the extent of submitting a report to that effect").

In this appeal, plaintiff does not challenge these findings. Instead, he raises a single limited argument for remand. It is directed at the ALJ's finding that plaintiff did not meet Listing 1.04 ("Disorders of the spine"). This listing contains several requirements. The ALJ's explanation consisted of the following:

> The claimant's cervical spine impairment does not meet the requirements of Section 1.04 of the Listing of Impairments because of the absence of regular findings of neurological deficits such as are required in that section.

R. 14. There is really no dispute that this sentence contains no explicit analysis of the 1.04 requirements and at best only hints at a broader if vague rationale—namely, that the findings of

"neurological deficits" were not "regular," presumably meaning they did not meet the 12-month duration requirement.[1] Perhaps this is an oblique reference to the post-surgery improvement.

Plaintiff relies on a line of Seventh Circuit cases stating that this type of explanation is cursory and thus requires a remand. *See, e.g.*, *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015) (the ALJ's two-sentence discussion contained "no analysis whatsoever" and was "the very type of perfunctory analysis we have repeatedly found inadequate").[2] Plaintiff also complains that the ALJ's analysis was not supported by any medical opinion. Plaintiff's main argument is that the ALJ failed to conduct an equivalency analysis. A claimant may either "meet" the listing requirements or "equal" them by pointing to symptoms that are "equal in severity." *Id.* at 935. Plaintiff seems to concede that he cannot meet all the listing requirements. *See* Dkt. #11 at 5 ("But for lack of ongoing nerve impingement (at least on MRI), plaintiff would clearly meet Listing 1.04A."). So, his argument rests primarily on the equivalency pathway. In his reply, he asserts that the Government "conflate[s]" these separate pathways. Dkt. #17 at 2.

The Government concedes, in somewhat euphemistic terms, that the ALJ's explicit analysis was "short," but it argues that this was not a problem because the ALJ later "discussed the [listing] criteria" in the RFC analysis. Dkt. #16 at 7. The Government also argues that the ALJ properly relied on the opinions from the State Agency physicians and asserts that reliance on them was sufficient. *Id.* at 8 (citing *Aurand v. Colvin*, 654 F. Appx. 831, 839 (7th Cir. 2016)).

---

[1] The phrase "neurological deficits" is not used in Listing 1.04, and it is therefore not by itself a requirement.
[2] *See also Plessinger v. Berryhill*, 900 F.3d 909, 917 (7th Cir. 2018) ("Given the substantial evidence from treating and examining physicians tending to show that Plessinger may have met or equaled Listing 1.04A, this was not a sufficient explanation of the ALJ's reasoning."); *Kastner v. Astrue*, 697 F.3d 642, 647 (7th Cir. 2012) (remanding because the ALJ's cursory analysis—that claimant "did not display limitation of motion of the spine as anticipated by section1.04A"—was insufficient); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) ("In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing.").

3

As an initial point, the Government's assertion that the ALJ "discussed" the 1.04A "criteria" in the RFC section is a bit misleading. The assertion is not accurate to the extent that it suggests that the ALJ engaged in a traditional legal analysis by explicitly going one by one through the individual requirements and explaining which pieces of evidence fulfilled them. Instead, the Government is basically raising a harmless error argument by claiming that the ALJ's overall RFC discussion contains several general points casting doubt on the severity of plaintiff's medical problems—in effect, it contains arguments that, if properly marshalled and molded, could blossom into an adequate analysis.

To begin with the obvious, the ALJ's one-sentence Step Three analysis is cursory as defined by *Minnick*, *Barnett*, and the other Seventh Circuit cases. It is also similar to the analyses in several cases where this Court has remanded based on this same general argument. *See Edmonson v. Colvin*, 2016 WL 946973 (N.D. Ill. March 14, 2016); *Tucker v. Colvin*, 2015 WL 6736700 (N.D. Ill. Nov. 4, 2015); *Swagger v. Colvin*, 2015 WL 6736683 (N.D. Ill. Nov. 4, 2015). At the same time, in at least one case, this Court has affirmed an ALJ's finding that Listing 1.04A was not met based on a harmless error analysis. *See Dock v. Berryhill*, 2017 WL 5293901, *5 (N.D. Ill. Nov. 13, 2017).

Here, despite some doubt about whether plaintiff can prevail on remand, the Court is not persuaded that the harmless error doctrine should be applied. *See Zellwiger v. Berryhill*, No. 17 CV 50195, 2018 U.S. Dist. LEXIS 211741, at *20 (N.D. Ill. Dec. 17, 2018) (court's doubts as to whether claimant is disabled not a basis to affirm). Two reasons support this conclusion. First, there was no medical opinion that adequately analyzed the listing argument, especially the equivalency question. No medical expert was called to testify at the hearing, and the State Agency opinions were submitted before some of the evidence, such as the 2015 EMG, was

developed.[3] Moreover, the ALJ stated in the RFC discussion that the Agency opinions had not considered "the recent degenerative disc disease of the lumbar spine documented in recent months." R. 19. Alone, this lack of a supporting medical opinion is a reason to remand. *See Minnick*, 775 F.3d at 935 ("A finding of medical equivalence requires an expert's opinion on the issue."); *Barnett*, 381 F.3d at 670 ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue."). In *Dock*, where this Court found that an ALJ's perfunctory analysis was harmless error, it noted the ALJ had relied on the testimony of an expert, thus distinguishing *Minnick* and *Barnett*.

Second, the Court cannot state with certainty that the ALJ on remand, after consulting an expert, would not find that plaintiff met or, more realistically, equaled this listing. It would not be productive here for this Court to go through all the competing pieces of evidence given the decision to remand and given that the Court does not have the assistance of a medical expert. The larger problem with the Government's argument is that it does not sufficiently consider all the requirements in a rigorous manner that would establish the level of confidence needed to find harmless error ruling. To illustrate, the listing requires the following:

> 1.04 Disorders of the spine (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral facture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With: A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). Compare the above requirements to the following arguments in the Government's brief:

> [T]he ALJ discussed the April 2013 MRI, the limited range of motion in plaintiff's neck, the decreased sensations and strength in his left arm, and his reduced left arm

---

[3] The Agency opinions, it should be noted, contain no "analysis" whatsoever. *See* R. 79, 88, 101, 114.

> strength. The ALJ also considered plaintiff's significant improvement after his surgery, the normal imaging of his neck showing no complications, and his ability to do some household chores and admittedly lift up to 20 pounds. The ALJ's discussion of this evidence more than met his duty to articulate his step three finding, even if it was not all under the step three section of his decision.

Dkt. #16 at 7 (citations omitted). Some of these assertions (*e.g.* limited range of motion and decreased sensations) loosely correspond to some 1.04A requirements, but even then it is not clear why these findings did not equal those requirements. Other assertions are not connected at all to the 1.04A requirements.

In sum, the Court finds that a remand is necessary based on the listing argument. The Court agrees with the Government that plaintiff's other argument, regarding a closed period of disability, has been waived because plaintiff only made a cursory argument in his opening brief and then never returned to it in his reply. *See Baker*, 2015 WL 719604 at *4 ("undeveloped" arguments, which rely on "passing references" to legal rules are deemed waived). More broadly, the Court also agrees with the Government that plaintiff waived other arguments that were not raised in any manner. *See* Dkt. #16 at 3, n.2 (citing cases). These include challenges to the RFC finding and the credibility finding. In his reply, plaintiff did not contest this assertion. As a result, the Court holds that the case is remanded solely to address whether plaintiff met or equaled Listing 1.04A. The Court will leave it to the ALJ's discretion whether an additional hearing is needed. But the ALJ must obtain a medical opinion and must provide more than a cursory, one-sentence explanation.

On this basis, plaintiff's motion for summary judgment is granted; the Government's motion is denied; and the case is remanded for further proceedings.

Date: December 28, 2018              By: _____
                                         Iain D. Johnston
                                         United States Magistrate Judge